UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TREVOR ISAAC,

                                                   Civil Case No:

                Plaintiff,
-against-

                                                   **COMPLAINT**

UTILISAVE, LLC,
MARINA NOVIKOVA, individually, and
MICHAEL STEIFMAN, individually.                  Plaintiffs Demand a
                                                                 Trial by Jury

                Defendants.

------------------------------------------------------------------X

        Plaintiff TREVOR ISAAC, by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendant UTILISAVE, LLC ("UTILISAVE"), Defendant MARINA NOVIKOVA (hereinafter referred to as "NOVIKOVA"), and Defendant MICHAEL STEIFMAN (hereinafter referred to as "STEIFMAN"), upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff TREVOR ISAAC (hereinafter referred to as "Plaintiff" and/or "ISAAC") complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII"), and to remedy violations of the Administrative Code of the City of New York and the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sex discrimination, gender discrimination, and sexual orientation discrimination, together with hostile work environment, retaliation, and unlawful termination.

## JURISDICTION & VENUE

2. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII.

3. This Court has supplemental jurisdiction over the related New York State and New York City law causes of action asserted in this action pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

5. Plaintiff has fully satisfied all administrative perquisites for commencing this action.

## PARTIES

6. At all times material, Plaintiff ISAAC was and is an individual male who is a resident of the State of New York, Nassau County.

7. At all times material, Plaintiff was and is a homosexual.

8. At all times material, Defendant UTILISAVE was and is a foreign limited liability company, duly existing by the virtue and laws of the State of Delaware, doing business in the State of New York.

9. At all times material, Defendant NOVIKOVA was and is a Human Resource Director at UTILISAVE.

10. At all times material, Defendant NOVIKOVA held supervisory authority over Plaintiff.

11. At all times material, Defendant STEIFMAN was and is the Chief Operating Officer for UTILISAVE.

12. At all times material, Defendant STEIFMAN held supervisory authority over Plaintiff.

## STATEMENT OF FACTS

13. On or about April 1, 2014, Defendants hired Plaintiff as a Client Relations Manager.

14. At all times material, Plaintiff was one of Defendants most dedicated and loyal employees.

15. At all times material, Plaintiff performed his job assiduously and professionally.

16. In or around 2016, Defendants' Human Resource Director MARINA NOVIKOVA ("NOVIKOVA") told Plaintiff, among other things, about her sexuality, declare to employees that she was a swinger, tell employees her husband has a girlfriend, tell Plaintiff that she allows her teenage son to watch porn, and tell other employees how they should have sex.

17. In or around 2016, Defendants' Human Resource Director NOVIKOVA would constantly ask Plaintiff about his sexual orientation.

18. On or about March 22, 2016, Defendants' Human Resource Director NOVIKOVA and Plaintiff had a meeting. Plaintiff told NOVIKOVA that one project, in particular, was causing stress. NOVIKOVA gave Plaintiff an unwelcomed hug and began to walk away. Defendants' Human Resource Director then stopped, turned around and proceeded to give Plaintiff another unwelcomed hug. Then, Defendants' Human Resource Director began to nibble on Plaintiff's left ear lobe. Plaintiff immediately jumped back in shock. Defendants' Human Resource Director NOVIKOVA then stated "I hope you are not going to sue me" and walked away.

19. On or about April 5, 2016, Defendants' Human Resource Director NOVIKOVA sent Plaintiff a text message saying "Something to put a smile on your face" with an attached image of a man reading a book titled "Ass Eating Made Simple."

20. On or about April 20, 2016, Plaintiff met with Defendants' CEO MICHAEL STEIFMAN ("STEIFMAN") to formally report the on-going hostile work environment.

21. Defendants' CEO STEIFMAN instructed Plaintiff to speak with NOVIKOVA himself. Defendants' CEO STEIFMAN took no reasonable or immediate actions to help rectify the hostile work environment, and instead simply passed off his obligations to the perpetrator and victim to deal with.

22. In or around April of 2016, Plaintiff reported to Defendants' Human Resource Director NOVIKOVA that her constant sexually explicit conversations and text messages were unlawful and had to stop. NOVIKOVA apologized but made no guarantee the harassment would cease.

23. Defendants immediately retaliated against Plaintiff for Plaintiff's opposition to Defendants' unlawful employment practices.

24. Despite reporting the unlawful harassment, Defendants continued to subject Plaintiff to a hostile work environment.

25. On or about June 28, 2016, Defendants began to strip Plaintiff of his specific job responsibilities and give them to other employees.

26. On or about July 21, 2016, Defendants posted Plaintiff's exact job on Indeed.com.

27. In or around July of 2016, Defendants' Human Resource Director NOVIKOVA took out her personal phone and showed Plaintiff a video of a monkey masturbating.

Plaintiff was deeply offended by the inappropriate video and told NOVIKOVA the video was not appropriation for work.

28. Throughout 2016, Defendants' Human Resource Director NOVIKOVA would reprimand Plaintiff over trivial matters. For example, Defendants' Human Resource Director NOVIKOVA began to reprimand Plaintiff when Plaintiff called out sick and alerted NOVIKOVA. NOVIKOVA told Plaintiff he was supposed to leave a message on Defendants' CEO's voice mail, contrary to Defendants' employee handbook.

29. On or about August 9, 2016, Defendants gave Plaintiff his first ever negative performance review.

30. On or about August 11, 2016, Defendants' Human Resource Director NOVIKOVA took out her personal phone and showed Plaintiff a video of a man with an erect penis being stopped by an airport security guard. In the video, the guard asks the aroused-man what was in his pants, to which the man responds "my penis." The video then cuts to a baby laughing. Plaintiff was offended by the video and had no desire to watch such a weird, inappropriate video at work.

31. On or about September 6, 2016, Defendants' CEO STEIFMAN falsely accused Plaintiff of coming in to work late, despite having no evidence whatsoever suggesting Plaintiff was tardy.

32. On or about December 15, 2016, Defendants, in the ultimate act of retaliation, terminated Plaintiff.

33. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

34. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

35. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

36. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against the Defendants severally.

37. Plaintiff hereby demands reinstatement to his position.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## (AGAINST DEFENDANT UTILISAVE)

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

39. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer:

> "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . ."

40. Defendant UTILISAVE engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by subjecting Plaintiff to discrimination on the basis of his sex, together with harassment and causing a hostile work environment based on same.

41. Plaintiff hereby makes a claim against Defendant UTILISAVE under all of the applicable paragraphs of Title VII.

42. Defendant UTILISAVE violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (AGAINST DEFENDANT UTILISAVE)

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

44. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) [Section 704] provides that it shall be an unlawful employment practice for an employer:

> "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

45. Defendant UTILISAVE engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et. seq.*, by retaliating against Plaintiff with respect to the terms, conditions, or privileges of his employment because of his opposition to the unlawful employment practices of Defendants.

46. Defendant UTILISAVE violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER NEW YORK STATE LAW (AGAINST ALL DEFENDANTS)

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

48. New York State Executive Law § 296 provides that: "1. It shall be an unlawful discriminatory practice: "For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

49. Defendants engaged in unlawful discriminatory practices by discriminating against the Plaintiff by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of his sex and sexual orientation, together with harassment and causing a hostile work environment.

50. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New York State Executive Law Section 296.

51. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER NEW YORK STATE LAW (AGAINST ALL DEFENDANTS)

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

53. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section

applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article..."

54. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of his employment because of his opposition to the unlawful employment practices of Defendants.

55. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTH CAUSE OF ACTION UNDER STATE LAW AIDING & ABETTING (AGAINST ALL DEFENDANTS)

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

57. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

58. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

59. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (AGAINST ALL DEFENDANTS)

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

61. The Administrative Code of the City of New York § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

62. Defendants engaged in an unlawful discriminatory practice and violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his gender and sexual orientation, together with harassment and causing a hostile work environment based on same.

63. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the New York City Administrative Code Title 8.

64. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

66. The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be unlawful discriminatory practice: "for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any

person because such person has (i) opposed any practice forbidden under this chapter…"

67. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, § 8-107(1)(e) by discriminating and retaliating against Plaintiff because of Plaintiff's opposition to Defendants' unlawful employment practices.

68. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN EIGHTH CAUSE OF ACTION
### FOR AIDING & ABETTING UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

70. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

71. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

72. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A NINTH CAUSE OF ACTION
### FOR INTERFERENCE WITH A PROTECTED RIGHT
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (AGAINST ALL DEFENDANTS)

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

74. New York City Administrative Code Title 8-107(19) provides that: "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

75. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A TENTH CAUSE OF ACTION FOR SUPERVISORY LIABILITY UNDER THE NEW YORK CITY ADMINISTRATIVE CODE (AGAINST ALL DEFENDANTS)

76. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if set forth herein more fully at length.

77. New York City Administrative Code Title 8-107(13)(b) provides that: "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory

conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

78. Defendants violated the above and Plaintiff suffered numerous damages as a result

## JURY DEMAND

79. Plaintiff Demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants jointly and severally for all available damages including but not limited to emotional distress, lost wages, back pay, front pay, punitive damages, statutory damages, attorneys' fees, costs, medical expenses, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

Dated: July 17, 2017
New York, New York

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

By: _____
Alexander G. Cabeceiras, Esq.
30 Broad Street, 35th Floor
New York, New York 10004
(212) 587-0760
alexc@dereksmithlaw.com